Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a proposed popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously submitted two similar measures, which I rejected due to ambiguous language in the text of your proposal. See Ops. Att'y. Gen.99-435 and 99-436. You have now made changes to your proposal and submit the following proposed popular name and ballot title for my review:
 (Popular Name) AMENDMENT TO PROVIDE THE COUNTY CLERKS WITNESS AND NOTORIZE [SIC] AN INITIATIVE PETITION
 (Ballot Title) TO PROVIDE AN INITIATIVE PETITION WRITTEN EITHER AS AN AMENDMENT, ACT OR REFERENDUM WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS WITH A CERTIFICATION BY THE ATTORNEY GENERAL PURSUANT TO A.C.A. SECTION 7-9-107(e)(1)(A) SHALL HAVE THE SECRETARY OF STATE FORWARD A COPY OF THE SPONSOR'S PETITION PURSUANT TO A.C.A. SECTION 7-9-107(e)(3) WITH THE SPONSOR'S MAILING ADDRESS PRINTED OR WRITTEN ON THE PETITION TO THE COUNTY CLERK OF EACH COUNTY WITHIN THE STATE NOT MORE THAN TEN WORKING DAYS AFTER RECEIVING THE SPONSOR'S PETITION; TO PROVIDE THE SPONSOR OF A COUNTY INITIATIVE WRITTEN AS A LOCAL BALLOT MEASURE WITH A WRITTEN CERTIFICATION OF LEGAL REVIEW BY AN ATTORNEY AT LAW DULY REGISTERED AND LICENSED TO PRACTICE IN THE STATE OF ARKANSAS TO VOLUNTARILY SUBMIT THE PETITION TO THE COUNTY CLERK OF THE RESPECTIVE COUNTY; TO PROVIDE THE SPONSOR OF A MUNICIPAL INITIATIVE WRITTEN AS A LOCAL BALLOT MEASURE WITH A WRITTEN CERTIFICATION OF LEGAL REVIEW BY AN ATTORNEY AT LAW DULY REGISTERED AND LICENSED TO PRACTICE IN THE STATE OF ARKANSAS TO VOLUNTARILY SUBMIT THE PETITION TO THE COUNTY CLERK OF THE RESPECTIVE COUNTY OF THE MUNICIPALITY; TO PROVIDE THE COUNTY CLERK SHALL PUBLICLY POST ALL PETITIONS AS A PUBLIC NOTICE WITHIN THE COUNTY COURT BUILDING; TO PROVIDE THE COUNTY CLERK SHALL VERIFY THE LEGAL VOTER REGISTRATION OF ANYONE VOLUNTARILY REQUESTING TO SIGN A PETITION TO BE WITNESSED BY THE COUNTY CLERK; TO PROVIDE THE COUNTY CLERK SHALL WITNESS THE SIGNATURE OF A LEGALLY REGISTERED VOTER ON A REQUESTED PETITION UPON THE VOLUNTARY REQUEST BY A LEGALLY REGISTERED VOTER; TO PROVIDE THE COUNTY CLERK SHALL NOTORIZE [SIC] AND FORWARD TO THE MAILING ADDRESS OF THE SPONSOR ON THE PETITION EACH PETITION COMPLETELY FILLED WITH SIGNATURES WITHIN FIVE WORKING DAYS OF THE LAST SIGNATURE SIGNED ON A PETITION; TO PROVIDE THE COUNTY CLERK SHALL NOTORIZE [SIC] AND FORWARD TO THE MAILING ADDRESS OF THE SPONSOR ON THE PETITION ALL PETITIONS COMPLETELY OR INCOMPLETELY FILLED WITH SIGNATURES FIFTEEN DAYS BEFORE THE FILING DEADLINE OF AN INITIATIVE TO HAVE THE PETITIONS COUNTED AND VERIFIED FOR QUALIFICATION TO BE PLACED ON AN ELECTION BALLOT; TO PROVIDE NO FEE SHALL BE APPLIED BY THE SECRETARY OF STATE AND COUNTY CLERK FOR SERVICES AND COPIES OF THE PETITION AND NOTORIZATION [SIC] OF EACH PETITION; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT AND TO PROVIDE SEVERABILITY;
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your proposed ballot title and popular name due to a remaining ambiguity in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguity. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b). The ambiguity to which I refer is described below:
 1. Section 1 (1) of your proposed measure provides as follows:" Upon passage of this amendment an initiative petition written either as an amendment, act or referendum within the provisions of Amendment 7 of the Constitution of the State of Arkansas with a certification by the Attorney General pursuant to A.C.A. Section 7-9-107 (e)(1)(A) shall have the Secretary of State forward a copy of the sponsor's petition pursuant to A.C.A. Section 7-9-107(e)(3) with the sponsor's mailing address printed or written on the petition to the county clerk of each county within the state not more than ten (10) working days after receiving the petition from the sponsor." As an initial matter, a mismatch between the subject and the predicate in this sentence makes its interpretation impossible. The sentence states that "an initiative petition . . . shall have the Secretary of State forward a copy of the sponsor's petition. . . ." I cannot determine the effect of this sentence. More importantly, however, Section 1(1) of your proposal refers to A.C.A. § 7-9-107(e)(1)(A), which is a part of an act passed by the legislature in 1989, portions of which were later ruled unconstitutional by the Arkansas Supreme Court. See, e.g., Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990) and Op. Att'y Gen. 93-288. The Attorney General continues to perform his mandatory duties under A.C.A. § 7-9-107(a)(b) and (c) of that statute, but the provisions of A.C.A. § 7-9-107(e)(1)(A) added by the 1989 act and referenced in your amendment, are no longer viable. Id. As such, the mention of it in your proposal will likely confuse the voters.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General